## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. |
| Plaintiff, | : : : | |
| v. | : : | JURY DEMANDED |
| FIRST IMPRESSION INTERACTIVE, INC. | : : : | |
| Defendant. | : : : | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Mark Fitzhenry ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, pre-recorded telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

4.  Mr. Fitzhenry also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq*.

5.  The SCTPPA also prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as Mr. Fitzhenry's was prior to receiving the call.

6.  Plaintiff alleges that Defendant First Impression Interactive, Inc. ("First Impressions" or "Defendant"), made pre-recorded telemarketing calls to their cellular telephones to promote the educational services of their clients in violation of the TCPA.

7.  Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff bring this action on behalf of proposed nationwide classes of other persons who were sent the same illegal telemarketing calls.

8.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

9.  Plaintiff Mark Fitzhenry is a resident of South Carolina.

10. Defendant First Impression Interactive, Inc. is an Illinois corporation with a principal place of business in Cook in this District.

## Jurisdiction & Venue

11. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

12. The Court has personal jurisdiction over the Defendant because it is a resident of this District and conducts its telemarketing activity from Illinois, where its only office is located.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and maintains its principal place of business in this district.

## The Telephone Consumer Protection Act

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

15. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

16. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

18. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

3

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).

The SCTPPA

20. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq*.

21. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

22. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80.

**Factual Allegations**

23. First Impression markets and sells educational products and services to consumers.

24. First Impression uses telemarketing on these calls.

25. First Impression's telemarketing efforts include the use of pre-recorded messages to send automated calls.

Call to Mr. Fitzhenry

26. Mr. Fitzhenry is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

27. On April 16, 2021, Mr. Fitzhenry received a pre-recorded call on his cellular telephone number, (843) 637-XXXX.

28. The number called had been on the National Do Not Call Registry since February of 2019.

29. The pre-recorded message stated:

> I'm calling from EDU Matcher on a quality recorded line to follow up on your recent registration on youremployment.com, where you indicated you were interested in furthering your education. I'm here to help you today to determine school and education options for you from the over 35 schools with whom EDU Matcher has business relationships. I have a few questions that I need to ask to see what schools we can find for you. I'll be really quick. Okay?

30. Mr. Fitzhenry had not registered on "youremployment.com".

31. The company was not properly identified in the pre-recorded message, so Mr. Fitzhenry responded to the recorded message.

32. During the subsequent sales pitch, Mr. Fitzhenry spoke with a representative from Miller-Motte Technical College, a client of First Impression.

33. By going through this verification process, Mr. Fitzhenry was able to identify First Impression as the company that made the call.

34. Mr. Fitzhenry had no prior relationship with First Impression before this contact and did not consent to be called by First Impression.

## **Class Action Allegations**

35. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

36. The classes of persons Plaintiff propose to represent are tentatively defined as:

PRE-RECORDED CELL PHONE CLASS

> All persons within the United States to whom (a) First Impression, and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) using an artificial or prerecorded voice; (c) to a phone registered to a cellular telephone service and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

SCTPPA CLASS:

> All persons with a South Carolina area code to whom, at any time from May 18, 2018, Defendant, or someone acting on its behalf, placed at least one telephone solicitation to a number previously registered on the National Do Not Call Registry.

37. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The classes as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

39. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

40. Plaintiff is a member of both classes.

41. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

      a.    Whether the Defendant violated the TCPA by using pre-recorded telemarketing to call cellular phones;

      b.    Whether the Defendant placed calls without obtaining the recipients' prior consent for the call; and

      c.    Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

42.    Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

43.    Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44.    In fact, the Plaintiff have foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

45.    The actions of the Defendant are generally applicable to the classes and to the Plaintiff.

46.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

47.    The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)

48. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the class using an artificial or prerecorded voice.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violation of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the classes presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the class are entitled to an award of up to treble damages.

52. Plaintiff and members of the classes are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## Count Two:
## Violation of the SCTPPA

53. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

55. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80.

## Relief Sought

For themselves and all class members, Plaintiff request the following relief:

A. Certification of the proposed classes;

B. Appointment of the Plaintiff as representatives of the classes;

C. Appointment of the undersigned counsel as counsel for the classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the classes of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By their attorneys,

**/s/ *Anthony I. Paronich***
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Avi R. Kaufman
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com