**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated, | : <br> : <br> : <br> : | Case No. 1:21-cv-2345 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | **Hon. John Z. Lee** |
| FIRST IMPRESSION INTERACTIVE, INC., JEFFREY GILES and STVT-AAI EDUCATION, INC. d/b/a ANCORA EDUCATION | : <br> : <br> : <br> : <br> : | |
| Defendants. | | |

**Plaintiff's Motion to Compel Discovery Responses and the Production of Documents
from the Defendants Jeffrey Giles and First Impression Interactive, Inc.**

Mr. Fitzhenry brings this action under the TCPA and SCTPPA, federal and state statutes enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012). The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The SCTPPA prohibits a party from causing to initiate a telephone solicitation to a South Caroline telephone number that has been registered on the National Do Not Call Registry. S.C. Code § 37-21-70. Both statutes provide a call recipient a private right of action.

On April 16, 2021, Plaintiff Fitzhenry received a pre-recorded call on his cellphone—a number registered on the National Do Not Call Registry. Dkt. 6 ¶¶ 33-34. The pre-recorded message stated that it was a call to match Plaintiff with a school and educational options. *Id.* at

¶¶ 35-36. The pre-recorded message did not identify the caller but identified a website that Plaintiff had never interacted with. *Id.* at ¶¶ 36-37. To identify the caller, Plaintiff responded to the pre-recorded message and was transferred to a representative from Miller Motte Technical College (an Ancora dba name) who pitched him on attending their school. *Id.* at ¶¶ 37-39.

Prior to receiving the pre-recorded call, Plaintiff had no prior relationship with Defendants and did not consent for either Defendant to call him. *Id.* at ¶ 41. Because the automated technology utilized allows for calling to be done *en masse*, the Plaintiff has filed this matter as a putative class action seeking to represent the following classes:

PRE-RECORDED CELL PHONE CLASS

> All persons within the United States to whom (a) First Impression, and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) using an artificial or prerecorded voice; (c) to a phone registered to a cellular telephone service or any other service for which the person is charged for the call; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

SCTPPA CLASS:

> All persons with a South Carolina area code to whom, at any time from May 18, 2018, Defendant, or someone acting on its behalf, placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

On September 20, 2021 the Plaintiff served his First Set of Discovery on the defendants seeking information regarding his claim, the affirmative defenses lodged by the defendants as well as information required for his Fed. R. Civ. P. 23. motion. A copy of these discovery requests are attached as Exhibit 1.

**Defendants' Non-Response and Plaintiff's**
**Meet and Confer Efforts Pursuant to Local Rule 37.2**

The Plaintiff did not receive any responses or requests for extension from Defendants. As such, on October 25, 2021 counsel for the Plaintiff Anthony Paronich contacted counsel for the

Defendants regarding the outstanding discovery requests. Counsel for the Defendants did not provide a response or their availability to confer.

On October 26, 2021, counsel for the Plaintiff Anthony Paronich telephonically contacted counsel for the Defendants, but did not receive a response.

On October 28, 2021, co-counsel for the Plaintiff Avi Kaufman also attempted to contact counsel for the Defendants, but did not receive a response.

Finally, counsel for the Plaintiff Anthony Paronich also telephonically contacted and sent correspondence to counsel for the Defendants on November 1, 2021, but did not receive a response.

Unfortunately, the Defendants have continued to fail to respond to the document requests, and given the current case schedule, including a November 30, 2021 deadline to amend pleadings, the Plaintiff requires the information he has requested.

**Argument**

**I.      By Failing to Respond to Discovery, Defendants have Waived Their Objections.**

Under Rule 33(b)(4), "[a]ny untimely objection to an interrogatory is waived, unless the court excuses the failure for good cause." Similarly, untimely objections to requests for production also are waived. *See Vyse Gelatin Co. v. Jeffrey Hicks & Jt Naturals United States*, No. 17-cv-2937, 2019 U.S. Dist. LEXIS 240191, at *2 (N.D. Ill. June 3, 2019). Here, as detailed above, the Defendants have failed to provide responses time and time again to the discovery served by the Plaintiff and their objections should be deemed waived.

**II.     Defendants Should Be Compelled to Produce Records of the Telemarketing Calls Defendants Made and Any Associated Records of Consent.**

Mr. Fitzhenry's discovery requests to the Defendants include the following requests:

19. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors:
   a) the date and time;
   b) the caller ID;
   c) any recorded message used;
   d) the result;
   e) identifying information for the recipient; and
   f) any other information stored by the call detail records.

21. To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

Requesting a list of persons that were the recipients of telemarketing calls is a standard practice in TCPA class litigation. "[A] list of phone numbers may very well bear direct relevance to a violation of the TCPA concerning the dialing of the very phone numbers listed." *Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (ordering the production of a "dial list" consisting of everyone in the plaintiff's proposed class). Such information is relevant because it speaks to issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, ascertainability, commonality, and predominance. For these reasons, production of a call list and call is routinely ordered in courts across the country. *See, e.g., Warren v. Credit Pros Int'l Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, at *21 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members, because Defendant has not moved to bifurcate class and merits discovery and such information is relevant both to the merits of Plaintiff's claims and to the numerosity and commonality

requirements in Rule 23, Fed.R.Civ.P."); *O'Shea v. Am. Solar Sol., Inc.,* No. 14CV894-L (RBB),

2016 WL 701215 (S.D. Cal. Feb. 18, 2016) (granting plaintiff's request for outbound dial list

because the "information is relevant to both class certification and to the merits of the case");

*Cahill v. GC Servs. Ltd. P'ship*, No. 317CV01308GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal.

Apr. 16, 2018) (compelling production of call list); *Gossett v. CMRE Fin. Servs.,* Case No.

15cv803 MMA (NLS), 2015 WL 6736883, at *3 (S.D. Cal. Oct. 30, 2015) (granting a motion

to compel responses to requests for production of outbound call lists, as such lists were "relevant

to the class claims and meritorious claims and defenses in this case"); *see also, e.g.*, *Martin v.

Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS 157579 at *8-*12 (N.D.

Ill. June 13, 2011) (granting plaintiffs' requests for a call list); *Donnelly v. NCO Fin. Sys., Inc.,*

263 F.R.D. 500, 503-504 (N.D. Ill. 2009) (Nolan, J.) (granting plaintiffs' request for defendant's

call logs); *Whiteamire Clinic, P.A. v. Quill Corp.*, 2013 WL 5348377, at *2 (N.D. Ill. 2013)

(granting plaintiff's request for call list; "the information plaintiff seeks…is clearly relevant to

class discovery; specifically to the issues of numerosity, commonality, and typicality").[1] These

documents have been requested by Mr. Fitzhenry, and should be produced.

In the event Defendants claim that any of its calls were made to individuals who have

provided their consent, any information supporting such claim should be produced as well and

has been requested. *See Rosales v. Heath,* No. 8:17CV87, 2019 U.S. Dist. LEXIS 225294, at *9

(D. Neb. June 27, 2019) ("The FCC ruled that 'if any question arises as to

---

[1] *See also Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (call logs and dialing lists relevant to numerosity and commonality); *Ossola*, 2015 WL 5158712, at *7 ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer."); *Gossett v. CMRE Fin. Servs.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015) (same); *Thrasher v CMRE Financial Services, Inc.*, 2015 U.S. Dist. LEXIS 34965 (S.D. Cal. March 13, 2015) (same); *Gusman v. Comcast Corp.*, 298 F.R.D. 592 (S.D. Cal. 2014) (same); *Webb v. Healthcare Revenue Recovery Grp. LLC*, 2014 WL 325132, at *2-3 (N.D. Cal. Jan. 29, 2014) (same).

whether prior express consent was provided by a call recipient, the burden is on the *caller* to prove that it obtained the necessary prior express consent.". Consistent with that burden, all circuit courts deciding the question of whether consent is part of a prima-facia TCPA case or an affirmative defense have concluded that consent is an affirmative defense, including the Seventh Circuit. *See Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2nd Cir. 2018); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *Blow v. Bijora*, 855 F.3d 793, 803 (7th Cir. 2017); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1115 (11th Cir. 2014)."). As another Court in this District has held in a TCPA case when compelling similar information:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011).

The information requested by Plaintiff touches on the core issues in the case and are therefore relevant and necessary for production in discovery.

### III. The Defendants Should be Compelled to Produce Records of its Correspondence with the co-Defendant.

The Complaint alleges that First Impressions provided the pre-recorded calling services that violated the TCPA and SCTPPA for Ancora. Dkt. 6 at ¶¶ 14, 42-52. In its pending motion to dismiss, Ancora denies that it conducts business *itself* in the State of Illinois, but it does *not* deny that it has contracted with First Impressions to make calls from Illinois, as Plaintiff alleges. *See* Dkt. 23-1.

As such, Ancora's vicarious liability for First Impressions conduct is at the heart of this litigation. The Plaintiff's document requests anticipated this possibility and requested:

> 11. All communications with STVT-AAI Education, Inc. or any of its related entities regarding outbound telemarketing calls.
> 15. All internal communications at your company regarding STVT-AAI Education, Inc. or any of its related entities.

*See* Exhibit 1.

The requested evidence is critical to the fact intensive inquiry necessary to resolve the question of vicarious liability, as other courts have held in the TCPA vicarious liability context. *See e.g. Braver v. Northstar Alarm Sercs., LLC*, 2019 U.S. Dist. LEXIS 118080, *18-25 (W.D. Okla. 2019) (detailing email and other communications as basis for finding vicarious liability in a TCPA telemarketing case); *see also In re Monitronics Int'l, Inc.*, 2014 U.S. Dist. LEXIS 10028, *20-23 (N.D. W.V. 2014) (granting motion to compel discovery relevant to vicarious liability in a TCPA telemarketing case).

Recognizing the needs for these documents to engage in a vicarious liability analysis, the same requests were compelled by another federal court in a TCPA vicarious liability putative class action in *Frey v. Frontier Utilities Northeast, LLC, et. al.*, Civil Action No. 19-2372, Dkt. No. 77 (E.D. PA, April 13, 2020):

> Frey also seeks records of communications between Frontier and EAG about telemarketing and consumer acquisition. (Doc. No. 52 at p. 4.) Frey argues that the communications are "highly relevant to the issue of vicarious liability because the communications will show the extent to which EAG is an agent of Frontier and the extent to which Frontier authorized the telemarketing calls at issue, controlled EAG's activities in the telemarketing campaign, and benefitted from the telemarketing campaign." (Doc. No. 52 at p. 4.) EAG has produced communications related to Frey's call, as well as copies of the contracts between EAG and Frontier, and EAG and Team Odd Jobs. (See Doc. No. 57 at p. 3.) But it has not produced all communications on the grounds that it is a "small company and cannot be expected to search for, review, and produce every single communication it had with one of its customers." (Doc. No. 57 at p. 3.)…

Frey has also shown that the communications between EAG and Frontier are relevant to Frey's claim for vicarious liability. EAG argues that it has produced communications related to Frey's call and the contracts between itself and Frontier and itself and Team Odd Jobs. But vicarious liability turns not only on the language used in a contract between the parties but also on "the actual practice between the parties." See Klein v. Commerce Energy, Inc., 256 F.Supp.3d 563, 584–85 (W.D. Pa. 2017) (explaining that "[v]icarious liability under the TCPA may be established under a broad range of agency theories, including formal agency, apparent authority and ratification" and under each theory, the "relationship between the parties is paramount in determining whether there can be vicarious liability"); see also Ruby v. DISH Network, LLC, No. 18-0400, 2019 WL 1466746 at *1 n.1 (E.D. Pa. March 26, 2019) (slip opn.) (relying on Klein for the proposition that "vicarious liability due to the existence of an agency relationship depends on the facts and circumstances of each case").

Here, unlike *Frey*, Defendants has not produced any correspondence with or about its vendor.

Another court also compelled nearly identical requests in a TCPA vicarious liability case last year holding:

> Plaintiffs' second motion to compel is also granted. In their second motion, plaintiffs seek discovery concerning Safe Streets' potential vicarious liability for the telemarketing conduct of co-defendants. The internal correspondence related to the vendors that contacted plaintiffs (Doc. Re. 16) is relevant to show whether Safe Streets can be held vicariously liable for their vendors' conduct. *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 660 (4th Cir. 2019).

*Jones v. Safe Sts. USA LLC*, No. 5:19-CV-394-BO, 2020 U.S. Dist. LEXIS 105364, at *12 (E.D.N.C. June 16, 2020).

## IV. The Defendants Should Provide any Other Responses within Fourteen Days of this Order.

As the two categories of documents highlighted above are the most pressing and time sensitive documents needed to ensure that the Plaintiff is able to move this case forward, this is what has been prioritized. The Plaintiff submits that the Defendants should be required to provide responses and produce any other documents it intends to voluntarily produce within fourteen days of this Order.

**Conclusion**

For the reasons explained above, Plaintiff respectfully request that the Court enter an

Order:

      A.      Granting this Motion;

      B.      Compelling Defendants to provide all of the requested documents sought by Request for Production Nos. 11, 15, 19 and 21, within seven days of this Court's Order;

      C.      Compelling Defendants to provide all other responses and produce any other documents it intends to voluntarily produce within fourteen days of this Order; and

      D.      Providing such other and further relief as the Court deems appropriate.

Dated: November 4, 2021

                          PLAINTIFF,
                          By his attorneys

                          */s/ Anthony I. Paronich*
                          Anthony I. Paronich
                          Paronich Law, P.C.
                          350 Lincoln Street, Suite 2400
                          Hingham, MA 02043
                          (508) 221-1510
                          anthony@paronichlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been served on this November 4, 2021 on all counsel of record via the Court's CM/ECF system.

                          */s/ Anthony I. Paronich*